433 A.2d 504

COMMONWEALTH of Pennsylvania

v.

Ronald Lewis BOWERS, Appellant.

Superior Court of Pennsylvania.

Argued April 15, 1980.

Filed Aug. 7, 1981.

Timothy R. Bonner, Grove City, for appellant.

Ross E. Cardas, Assistant District Attorney, Mercer, for Commonwealth, appellee.

Before PRICE, BROSKY and MONTGOMERY, JJ.

BROSKY, Judge:

Appellant and John Rickie Mathieson were convicted, after a non-jury trial, at which they were codefendants, of several counts of burglary. Appellant was convicted on two counts and acquitted on one. Bowers brought post-verdict motions which were denied. Appellant was sentenced to one to three years imprisonment. We reverse the decision of the trial court and remand for a new trial.

Appellant's codefendant, Mathieson, appealed to this court in *Commonwealth v. Mathieson*, 277 Pa.Super. 413, 419 A.2d 1213 (1980). Mathieson raised several questions for our court's review, included in which, was the issue regarding the sufficiency of the evidence used to support a finding of probable cause for a search warrant. Our court held the search warrant was defective because "the affidavit contained in the application for the search warrant . . . did not

present the issuing authority information sufficient to justify his issuing the warrant, . . . ." Id., 277 Pa.Super. at 419 A.2d at 1214.[1] Thus, Mathieson's second claim, namely, that there was insufficient evidence to support a conviction of him was not discussed. He was granted a new trial.

Included among the issues raised in the instant case are the identical contentions raised by Mathieson. Bowers claims that his motion to suppress should have been granted because the warrant was not supported by credible and reliable information from informants sufficient to establish the existence of probable cause to search appellant's house. He asserts that the search warrant does not, on its face, state sufficient probable cause to justify a search of his home. He contends that the trial court erred in overruling his objection to the admittance of statements made by his codefendant after the termination of the conspiracy and, finally, that the trial court possessed insufficient evidence upon which to convict him.

It is not necessary to discuss any other issue in the instant case having determined that the decision in *Commonwealth v. Mathieson*, supra, requires that we hold that the issuing authority lacked sufficient reliable information to justify his issuing a search warrant. Accordingly, we reverse the judgment of sentence of the trial court and remand for a new trial.

PRICE, J., files a dissenting statement.

PRICE, Judge, dissenting:

I do not agree with the analysis of this search warrant contained in the panel opinion in *Commonwealth v. Mathieson*, 277 Pa.Super. 413, 419 A.2d 1213 (1980), therefore I must dissent.

I find no merit to appellant's other questions raised in this appeal. I would affirm the judgment of sentence.

1. See also: *Commonwealth v. Luddy*, 539 Pa.Super. 281, 422 A.2d 601 (1980).